# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTA ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:17-cv-1848-WTL-DML |
| | ) |
| DILLON LEGAL GROUP, P.C., et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR ATTORNEY FEES

This cause is before the Court on the Plaintiff's timely motion for attorney fees following her acceptance of an offer of judgment in this case. The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

The offer of judgment provided for "reasonable attorney's fees to be awarded by the Court." Dkt. No. 10-1. In her original motion, the Plaintiff seeks an award of fees in the amount of $5,372.00, which represents 13.6 hours at $395.00 per hour for her attorney, Robert Duff. In her reply brief, she seeks fees for an additional 4.8 hours of work related to the motion for fees, for a total of $7,268.00.[1]

In determining the appropriate amount of a fee award under a fee-shifting statute, "the district court generally begins the fee calculation by computing a "lodestar": the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). "Although the lodestar yields a presumptively reasonable fee, the court may nevertheless adjust the fee based on factors not included in the computation." *Id.*

---

[1] The Plaintiff inexplicably seeks an award of costs of $1,317.76 at the end of her reply brief. This is not mentioned anywhere else and appears to be a mistake, as the Plaintiff already has been awarded her costs of $400.00. No additional costs are awarded.

In this case, the Defendants argue that the fee award should be adjusted to $2,000.00 because Plaintiff's counsel failed to contact the Defendants regarding the possibility of settlement prior to filing suit. The Court disagrees that a wholesale reduction of the fee award based solely on the failure to make a pre-suit demand is appropriate. Nor is the Defendants' argument that the lodestar amount should be reduced "in proportion to the amount of damages recovered" well-taken; as the Plaintiff correctly notes, the Seventh Circuit "has repeatedly rejected the notion that the fees must be calculated proportionally to damages[, and t]he principle applies equally to purported disproportionality between the relief requested and that received." *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). Thus, "[i]n cases which involve more than a nominal award, we have rejected the notion that the fee award should be reduced because the damages were smaller than a plaintiff originally sought or that the fee award might, in fact, be more than the plaintiff's recovery." *Id.*

The Defendants next argue that the hourly rate of $395.00 sought by the Plaintiff is too high for the work performed in this case. The Court agrees.

> We have defined a reasonable hourly rate as one that is derived from the market rate for the services rendered. We presume that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate. The fee applicant bears the burden of producing satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community.

*Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (citations omitted). While Duff has submitted evidence that $395.00 is the hourly rate he charges his clients who pay him for his work (as opposed to those whose fees are paid by a defendant), only one of the examples he gives involves an FDCPA case. Duff has pointed to no case in which he (or any lawyer of similar experience) was actually awarded $395.00 per hour by a judge in this district for an FDCPA case. Further, while Duff avers that he has "twenty-two years of litigation

experience and seventeen years of experience litigating consumer law cases," Dkt. No. 20-1 at 2 ¶ 7, it appears that he has been regularly litigating FDCPA cases since the end of 2008, which is less than ten years ago. *Cf. Gastineau v. Wright*, 592 F.3d 747 (7th Cir. 2010) (noting that that case—in which Duff appeared in June 2007—was only Duff's second FDCPA case and that his first case resulted in default judgment). Thus, while the Plaintiff has submitted an affidavit from attorney Irwin Levine in which he opines that $395.00 is a reasonable hourly rate "in matters of this nature" given Duff's "seasoning and experience," it appears that that opinion is based on Duff's seventeen years of experience in consumer law, not his ten years of experience regularly litigating FDCPA cases.

The Court finds that a reasonable hourly rate in this legal market in a relatively straightforward FDCPA case, like this one,[2] for an attorney with Duff's level of experience with FDCPA cases is $300.00. This is comparable to recent awards made in this district. *See, e.g., Reynolds v. EOS CCA*, 2016 WL 6876575 (S.D. Ind. Nov. 22, 2016) and *Reed v. EOS CCA*, 2016 WL 6876573 (S.D. Ind. Nov. 22, 2016) (awarding $275 hourly rate for attorney John Steinkamp, who has represented plaintiffs in over 700 FDCPA cases since 2009); *Swike v. Med-1 Sols., LLC*, No. 1:17-CV-1503-JMS-MPB, 2018 WL 2126520, at *1 (S.D. Ind. May 9, 2018) (awarding $295 hourly rate in FDCPA case for associate practicing since 2010).

Next, the Defendants take issue with several of the entries in Duff's billing records. While the Court disagrees with the Defendants' characterization of certain tasks as administrative, the Court has carefully reviewed the records and finds that several entries should

---

[2]The fact that the legal issues involved in this case were not particularly complex is relevant to the fee award calculation, as the Court "has the flexibility to adjust [the lodestar] figure to reflect various factors including the complexity of the legal issues involved . . . ." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010).

be disallowed or reduced. First, Duff billed .9 hour for drafting and filing the first amended complaint. The Court will disallow this time, inasmuch as there does not appear to be any reason why the allegations added to in the amended complaint could not have been included in the original complaint, which had been filed only fifteen days earlier. Second, Duff billed .4 hour for drafting a representation agreement. In light of Duff's experience in these types of cases, the Court finds that to be an excessive amount of time, inasmuch as the task almost certainly involved simply editing Duff's standard agreement. The Court reduces that entry to .2 hour. Fourth, Duff billed .2 hour for preparing and filing his notice of appearance; .1 hour was sufficient time for that task. Fifth, Duff billed .2 hours to "receive and study order setting initial pretrial conference." That order was three pages long, including the caption and signature block; .1 hour was sufficient time for reviewing it. Finally, the Court disallows the .5 hour billed by Duff for seeking an extension of time to file his reply in support of the instant motion. Accordingly, the Court will reduce the hours compensated by 1.8 hours.

For the reasons set forth above, the motion for attorney fees is **GRANTED** to the following extent: Plaintiff is awarded fees in the amount of $4,980.00.[3]

SO ORDERED: 6/26/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[3] 13.6 hours (sought in original motion) + 4.8 additional hours (sought in reply) = 18.4 hours – 1.8 hours (disallowed by Court) = 16.6 hours x $300.00 = $4,980.00.